UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUBEN COLON, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. | |
| § | | |
| TEXAS WORKFORCE COMMISSION § | SA-09-CV-0879 OG (NN) | |
| and CIVILIAN PERSONNEL ADVISORY § | | |
| CENTER-LABOR MANAGEMENT § | | |
| EMPLOYEE RELATIONS DIVISION § | | |
| D/B/A U.S. ARMY MEDICAL CENTER § | | |
| AND SCHOOL, FORT SAM HOUSTON, § | | |
| TEXAS, § | | |
| § | | |
| Defendants. § | | |

**REPORT AND RECOMMENDATION**

**TO:**  Honorable Orlando Garcia
United States District Judge

This report and recommendation addresses the pending motion to remand.[1]  I have jurisdiction to enter this report and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a Magistrate Judge is statutorily constrained.[2]  After considering the motion and the response, I recommend denying the motion to remand.

This lawsuit challenges a decision by the Texas Workforce Commission (the Commission) denying plaintiff Ruben Colon's application for unemployment benefits.  Colon previously worked for the U.S. Army Medical Department Center and School, Fort Sam

---

[1]Docket entry # 2.

[2]Docket entry # 7.

Houston, Texas (the Department of the Army). The Commission determined that Colon was discharged due to misconduct and thus disqualified for unemployment benefits. Colon filed this lawsuit in the 45th Judicial District, Bexar County, Texas, seeking judicial review of the Commission's decision.[3] Colon named as defendants the Commission and the "Civilian Personnel Advisory Center-[L]abor Management Employee Relations Division d/b/a U.S. Army Medical Department Center and School, Fort Sam Houston, Texas." After being served with a summons and a copy of Colon's petition, the Department of the Army removed the case to federal court.[4] The Commission moved to remand the case.[5]

The Commission maintains this case must be remanded because no basis exists to override Texas's Eleventh Amendment immunity. The Commission contends that Colon's claims constitute claims against the State of Texas. Because Colon sued a state, the Commission argues the claims are barred by Eleventh Amendment immunity.[6]

"To support removal, the defendant bears the burden of establishing federal jurisdiction over the state-court suit."[7] The Department of the Army relied on sections 1331 and 1442 of Title 28, United States Code, to support removal.[8] Section 1331 confers jurisdiction upon federal courts over questions of federal law. Section 1442(a)(1) of Title 28 provides for removal

---

[3] Docket entry # 1, exh. 1.

[4] Docket entry # 1.

[5] Docket entry #s 2 & 3.

[6] Docket entry # 3.

[7] *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

[8] Docket entry # 5.

of a civil action against a federal agency "for any act under color of such office."

Colon's original petition constitutes a civil action against a federal agency arising out of the termination of plaintiff's employment and denial of unemployment benefits. The petition names a federal agency—Civilian Personnel Advisory Center-[L]abor Management Employee Relations Division d/b/a U.S. Army Medical Department Center and School, Fort Sam Houston, Texas—as a defendant. The petition is styled as a civil action. The petition alleged, in part, that the Commission's definition of employee misconduct is vague under the U.S. Constitution. Because the petition named a federal agency as a defendant, involved an act under color of office, and was styled as a civil action, section 1442(a)(1) indicates removal was proper.

As authority for remand, the Commission relies on a Fifth Circuit opinion—*Daigle v. Gulf State Utilities Company, Local Number 2286*.[9] In *Daigle*, the plaintiff sued his former employer for breach of contract under the Labor-Management Relations Act and his union for breach of the duty of fair representation. The plaintiff also sought judicial review of the Texas Employment Commission's (TEC) decision determining the plaintiff was ineligible for unemployment benefits because of discharge for misconduct.[10] The Fifth Circuit determined the claim for judicial review was barred by Texas's Eleventh Amendment immunity. The court reasoned as follows:

> The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents. The suit against the TEC is a suit against the state since the TEC is an agency of the state of Texas. The appellant's claim is thus barred by the Eleventh Amendment unless Texas has waived its

---

[9] 794 F.2d 974 (5th Cir. 1986).

[10] *Daigle*, 794 F.2d at 976 (stating plaintiff sought judicial review of state agency decision denying claim for unemployment benefits).

3

      sovereign immunity.  There is no indication that the state has done so.  The Texas unemployment compensation scheme provides for judicial review of the TEC's decisions in its courts.[11]

On its surface, the Fifth Circuit's reasoning seems to apply to this case because the Commission is state agency and because Colon's claim is based on the denial of benefits after a finding of misconduct.  But this case is different in at least two respects.

    First, plaintiff Daigle's employer was not a federal agency.  Plaintiff Daigle's employer was a private employer.  Section 1442(a)(1) does not provide for removal of a suit against private employers and thus provided no basis for removal in Daigle's case.  Daigle's private employer could have been sued in state court.  A federal agency may not be sued in state court.  The *Daigle* court had no reason to consider whether a federal agency can be sued in state court. Other Texas district courts have relied on *Daigle's* reasoning to dismiss a plaintiff's claims against the Commission, but those cases did not involve a federal employer.[12]

    Additionally, section 212.201 of the Texas Labor Code makes the employer a necessary

---

[11] *Daigle*, 794 F.2d at 980.

[12] *See Pillot v. Tex. Employment Comm'n*, 983 F.2d 1063 (5th Cir. 1993) (dismissing claim that the TEC violated plaintiff's civil rights by failing to pay plaintiff unemployment benefits as barred by the Eleventh Amendment)*; Beene v. Aramark Healthcare Support Services*, No. 4:06-CV-466-Y, 2007 WL 1468705, at * 3 (N.D. Tex. May 17, 2007) (construing pro se plaintiff's complaint to seek judicial review of the Commission's denial of plaintiff's application for unemployment benefits and concluding that the claim was barred by the Eleventh Amendment); *Lorenz v. Tex. Workforce Comm'n*, No. SA-04-CA-0806, 2005 WL 1106911, at * 5 (W.D. Tex. May 4, 2005) (recommending dismissal of pro se complaint against the Commission as barred by the Eleventh Amendment) (judgment accepting the recommendation later reversed because of lack of subject matter jurisdiction, 211 Fed. App'x 242 (5th Cir. 2006) (unpublished )).  *But see Santos v. Tex. Workforce Comm'n*, No. H-08-1869, 2008 WL 4937572, at * 4 (S.D. Tex. Nov. 17, 2008) (granting the Commission's motion to dismiss pro se plaintiff's claim on immunity grounds after dismissing the claims against the federal agency).

party to a petition seeking judicial review of a Commission decision.[13] When the employer is the federal government the removal statute authorizes removal by the federal employer to federal court. Because section 212.201 provides that both the federal employer and the Commission are parties to a proceeding challenging the denial of unemployment benefits that section may be read as an implicit waiver of Eleventh Amendment immunity. Such was the reasoning of then Chief United States District Judge Walter Smith in a similar case where plaintiff sued the U.S. Army and the Workforce Commission after being denied unemployment benefits and remand was denied.[14] Thus, unlike *Daigle*, there *is* an indication that Texas has waived its immunity — section 212.201 contains an implicit waiver of immunity when the employer is a federal agency.

**Recommendation**. Concluding that 28 U.S.C. § 1442(a)(1) authorizes removal and that section 212.201(b) of the Texas Labor Code contains an implicit waiver of the state's Eleventh Amendment immunity when the employer is a federal agency, I recommend denying the Commission's motion to remand (docket entry # 2).

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days

---

[13] Tex. Labor Code Ann. § 212.201(b) (Vernon 2006) ("Each other party to the proceeding before the commission must be made a defendant in an action [for review].").

[14] *See* W-04-CA-112, docket entry # 10 ("The Court finds it disingenuous for the Commission to contend that an action of state law that makes the federal government a defendant in a state proceedings automatically strips the Army of it's right to defend itself in federal court."), *Elfer v. Tex. Workforce Comm'n*, pp. 3-4 (*rev'd on other grounds*, 169 Fed. App'x 378 (5th Cir. 2006)).

after being served with a copy of same, unless this time period is modified by the district court.[15] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[16]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[17]

**SIGNED** on August 30, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[15] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[16] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[17] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).