UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUBEN COLON, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. | |
| § | | |
| TEXAS WORKFORCE COMMISSION § | SA-09-CV-0879 OG (NN) | |
| and CIVILIAN PERSONNEL ADVISORY § | | |
| CENTER-LABOR MANAGEMENT § | | |
| EMPLOYEE RELATIONS DIVISION § | | |
| D/B/A U.S. ARMY MEDICAL CENTER § | | |
| AND SCHOOL, FORT SAM HOUSTON, § | | |
| TEXAS, § | | |
| § | | |
| Defendants. § | | |

**SECOND REPORT AND RECOMMENDATION**

**TO:**  Honorable Orlando Garcia
United States District Judge

This report and recommendation addresses two pending motions: (1) defendant Texas Workforce Commission's motion for summary judgment,[1] and (2) defendant U.S. Army Medical Department Center and School, Fort Sam Houston's motion to dismiss.[2]  I have jurisdiction to enter this report and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a Magistrate Judge is statutorily constrained.[3]  After considering the motions and responses, I recommend denying the motion for summary judgment

---

[1]Docket entry # 13.

[2]Docket entry # 18.

[3]Docket entry # 7.

and granting the motion to dismiss.

**Nature of the case.**  This lawsuit challenges a decision by the Texas Workforce Commission (the Commission) denying plaintiff Ruben Colon's application for unemployment benefits.  Colon previously worked for the U.S. Army Medical Department Center and School, Fort Sam Houston, Texas (the Army).  The Commission determined that Colon was discharged due to misconduct and thus disqualified for unemployment benefits.  Colon filed this lawsuit in the 45th Judicial District, Bexar County, Texas, seeking judicial review of the Commission's decision.[4]  Pursuant to Texas law, Colon named as defendants the Commission and the Army.  The Army removed the case to federal court.[5]

**Colon filed his case in the proper county.**  The Commission maintained it is entitled to summary judgment because Colon filed his case in the wrong county, and by doing so, deprived himself of the right to judicial review of the Commission's decision.[6]  Section 212.204 of the Texas Labor Code requires a person challenging a Commission decision to file an action "in the county of the claimant's residence."[7]  Texas law requires strict compliance with the Labor Code's filing requirements.[8]  Because its records show that Colon lives in Guadalupe County, the Commission argued that Colon improperly filed this lawsuit in Bexar County.

---

[4]Docket entry # 1, exh. 1.

[5]Docket entry # 1.

[6]Docket entry # 13.

[7]Tex. Lab. Code § 212.204 (West 2006).

[8]*See Olson v. Tex. Employment Comm'n*, 593 S.W.2d 866, 867 (Tex. Civ. App. 1980, writ ref'd n.r.e.) ("Without the strict compliance with the jurisdictional requirements of the statute, the trial court would lack jurisdiction to hear the case.").

"When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . . set out specific facts showing a genuine issue for trial."  To meet this burden, Colon stated that he resides at 11241 Bethany Place, Cibolo, Texas, 78108.[9]  Colon submitted his response to the Commission's "Findings and Decisions of Commission Upon Review of Claim for Benefits" mailed to him at that address.[10]  Colon also submitted printouts of electronic records maintained by the Bexar County Central Tax Appraisal District and the Bexar County Tax Assessor-Collector, reflecting Colon's address as located in Bexar County.[11]  Colon also submitted a satellite map showing 11241 Bethany Way, Cibolo, Texas, 78101, is located in Bexar County.[12]  This evidence shows Colon resides in Bexar County, not Guadalupe County, and indicates Colon filed his lawsuit in the county of his residence.  Thus, no basis exists for summary judgment in favor of the Commission.  The Commission's motion should be denied.

**The claims against the Army are barred**.  The Army asked the district court to dismiss this case for lack of subject matter jurisdiction and failing to state a claim based on sovereign immunity.  The doctrine of sovereign immunity bars suits against the United States without its consent.[13]  The United States has waived sovereign immunity and subjected itself to suit in very

---

[9]Docket entry # 15.

[10]Docket entry # 15, exh. A.

[11]Docket entry # 15, exhs. B and C.

[12]Docket entry # 15, exh. D.

[13]*United States v. Testan*, 424 U.S. 392, 399–400 (1976); *Wilkerson v. United States*, 67 F.3d 112, 118 (5th Cir. 1995).

limited circumstances. For example, the Federal Tort Claims Act (FTCA) provides a waiver of sovereign immunity for some state torts, making the federal government liable for "tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ."[14] Where there is waiver of sovereign immunity, application of the waiver is limited and construed strictly in favor of the United States.[15]

Colon's petition includes only a request for judicial review of the final decision of the Texas Workforce Commission's decision. There are no claims in the petition which fall within the FTCA or any other statutory waiver of sovereign immunity. Colon maintained that exercising sovereign immunity leaves him without a remedy because section 212.201 of the Texas Labor Code makes the employer a necessary party to a petition seeking judicial review of a Commission decision.[16] Colon argued that the assertion of sovereign immunity is inequitable and subject to common law estoppel. However, only Congress can waive the United States's immunity; a waiver of immunity must be unequivocally expressed and cannot be implied.[17] Federal courts lack subject matter jurisdiction to hear suits against the United States unless there

---

[14] 28 U.S.C. § 2674.

[15] *Wilkerson*, 67 F.3d at 118; *Atorie Air v. F.A.A. of U.S. Dep't of Transp.*, 942 F.2d 954, 958 (5th Cir. 1991).

[16] Tex. Labor Code Ann. § 212.201(b) (Vernon 2006) ("Each other party to the proceeding before the commission must be made a defendant in an action [for review].").

[17] *United States v. Mitchell*, 445 U.S. 535, 538 (1980). *See United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (explaining that jurisdiction over any suit against the federal government requires a clear statement from United States waiving sovereign immunity, together with a claim falling within the terms of the waiver).

has been a statutory waiver of sovereign immunity.[18]  The United States has not waived its immunity in this case.  The district court cannot authorize a suit against the federal government without its consent.[19]  State law, not sovereign immunity, created Colon's dilemma.  The motion to dismiss based on sovereign immunity should be granted.

**No reason exists to retain jurisdiction over Colon's claim against the Commission**.  Colon's claims against the Army served as the basis for removing this case from state court and as the basis for the district court's jurisdiction.  If the district court grants the Army's motion, only Colon's claims against the Commission will remain.  Section 1367(c) of Title 28, United States Code, permits the district court to decline to exercise supplemental jurisdiction over Colon's claims against the Commission if "the district court has dismissed all claims over which it has original jurisdiction. . . ."[20]  If the district court dismisses the Army, it will have dismissed the claims over which it had original jurisdiction.  Because Colon's claim against the Commission involves questions of state law—the Commission's definition of misconduct as it applies to the denial of unemployment benefits in Texas—comity favors remanding this case to state court.

**Recommendations.**  I recommend denying the Commission's motion for summary judgment (docket entry # 13) because Colon filed his case in the county in which he resides.  I recommend granting the Army's motion to dismiss (docket entry # 18) and dismissing the Army from this lawsuit.

---

[18] *United States v. Sherwood*, 312 U.S. 584, 591 (1941).

[19] *Sherwood*, 312 U.S. at 591.

[20] 28 U.S.C. § 1367(c)(3).

If the district court accepts these recommendations and grants the Army's motion to dismiss, I recommend remanding the case to the 45th Judicial District Court, as no federal defendants remain and the appeal of the Commission's decision involves only issues of state law.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[21] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[22] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to

---

[21] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[22] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

proposed factual findings and legal conclusions accepted by the district court.[23]

**SIGNED** on October 28, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[23]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).